[Civ. No. 4391. Second Appellate District, Division Two.—July 22, 1925.]

NOEL NEWTON, Respondent, v. A. N. COX, Appellant.

BLANCHE E. NEWTON, Respondent, v. A. N. COX, Appellant.

[1] NEGLIGENCE — AUTOMOBILE COLLISION — EVIDENCE — NONSUIT—APPEAL.—In actions to recover damages arising from a collision of automobiles, upon a motion for nonsuit the only office of the trial court was to determine whether there was substantial evidence to support the material allegations of the plaintiffs' complaints, no matter how strenuously it was disputed; and on appeal the powers of the appellate court are the same.

[2] ID.—VERDICT—EVIDENCE—APPEAL.—In these actions to recover damages arising from a collision of automobiles, the finding of the jury in favor of plaintiffs will not be disturbed on appeal, where, notwithstanding there was a substantial conflict in the evidence, there was sufficient evidence to support the verdict.

[3] ID.—CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In such actions, the jury was justified in concluding that defendant was guilty of negligence and that plaintiffs were not guilty of contributory negligence.

· (1) 4 C. J., p. 902, n. 12; 38 Cyc., p. 1555, n. 6 New.　(2) 4 C. J., p. 859, n. 7.　(3) 28 Cyc., p. 47, n. 20.

APPEALS from judgments of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert, Scarborough, Forgy & Reinhaus for Appellant.

Woodruff & Shoemaker for Respondents.　·

WORKS, J.—These two actions were brought to recover damages arising from a collision of automobiles. The respective plaintiffs were husband and wife. They were driving together in a Hupmobile which was struck by a Cadillac car driven by defendant. The two actions were consolidated

1.　See 9 Cal. Jur. 558.
2.　See 2 Cal. Jur. 921.

for hearing in the trial court and they are presented together on this appeal. In the disposition of the appeal they may be considered as if there were but one action, instead of two. The plaintiffs each had judgment and the defendant appeals.

The only contentions upon which a reversal is asked are these: It is claimed that a motion for nonsuit which was made and denied should have been granted. It is insisted that the evidence was insufficient to support the verdict, for the trial was had before a jury. It is contended, under both these heads, that the evidence showed that appellant was not negligent and that respondents were guilty of contributory negligence, or, if those claims are not justified, that the evidence shows negligence on both sides and that therefore respondents should not have recovered, as the doctrine of comparative negligence does not obtain in this state.

The accident which gave rise to the litigation occurred at the intersection of thoroughfares known as Grand Avenue and Seventeenth Street. The former ran north and south and the latter ran east and west. Respondents were driving north on Grand and appellant was proceeding east on Seventeenth. The collision occurred in the northeasterly quarter of the intersection, where the Cadillac, appellant's car, struck the Hupmobile, respondents' car, near its rear and upon the left rear fender. Respondents' vehicle was overturned by the impact. There were trees on the property at the southwest corner of the intersection, but they were so placed that they did not interfere with an unobstructed view by appellant of the part of Grand from which respondents came, or by respondents of the part of Seventeenth from which appellant came; that is, there was, so far as the trees were concerned, an unobstructed view for all parties at such a distance back from the intersection that both cars, if they had been driven at a proper rate of speed, and the drivers had seen each other, could have been stopped before the intersection was reached. A Franklin automobile was approaching the intersection along Seventeenth immediately preceding the accident, and it was coming from the same direction from which came appellant's car. Respondent Blanche Newton testified: "My husband was driving about his usual rate of speed on the highway; he usually travels between 25 and 30 miles. . . . Away back

there I imagine he was going 25 or 30 miles an hour; at the intersection he wasn't going over half that fast; he probably was going 12½ or 15 miles an hour." Respondent Noel Newton testified: "As . . . I came . . . somewhere in the neighborhood of 100 feet from the center of Seventeenth Street and Grand Avenue, I began to slow down for the intersection. I slowed down until I had my car in perfect control, which is about in the neighborhood of 15 miles an hour, at the intersection—that is where the highways come together, and as I passed on up I should judge half that distance I noticed a Franklin car coming from the west going east, and he slowed down and I looked to the east and saw everything was clear and I went on into the intersection, and just as I passed the center of the intersection going north all of a sudden a Cadillac loomed up not over 15 to 20 feet away in my vision, coming at a terrific rate of speed, and just as I saw him or just after I saw him he swerved right into me and hit me at the north side of Seventeenth Street at about the north line. . . . When I was struck by the Cadillac I was going somewhere in the neighborhood between 12 and 15 miles an hour; not to exceed 15 miles. . . . Q. And right there you know you were going under 15 miles an hour and didn't look at your speedometer—that is true, isn't it? A. Yes, sir." On cross-examination the same witness said: "When I was fifty feet away from the intersection I can't say exactly how fast I was traveling; I should judge not to exceed 20 miles. When I got to the intersection I was going about 15 miles an hour; not to exceed 15 miles an hour. When I passed this street corner I should judge I wasn't going more than 15 miles an hour there. When I passed this line going from one corner to the other, I was going not to exceed 15 miles an hour; I drive all the time—just my impression. . . . I should judge the speed of the Cadillac automobile as it approached me, when I first observed it, was not less than 35 miles an hour." A witness for respondents who witnessed the accident testified: "Mr. Cox was going east on Seventeenth. He was driving a Cadillac; he went very fast. I think he was going again as fast as I saw Mr. Newton's car. The Franklin wasn't going very fast; and he went by terribly fast. . . . I watched both machines as they continued on; they were going on an angle. Mr. Newton wasn't going very fast. I have

driven an automobile for ten years. I think Mr. Newton was going between 15 and 20 miles . . . say about 17 miles an hour. I didn't see him change his speed; it happened so quick. . . . I said I thought Mr. Cox was going about again as fast. He was more apt to be going 35. He continued his speed. I know he was going awfully fast . . . " Another observer of the accident testified: "When Mr. Cox passed me I was about 75 feet from the intersection. . . . I think Cox was going about between 30 and 35 miles. . . . Q. When he got to the intersection how fast do you think Mr. Newton was going? A. I don't think he was going more than 15 miles an hour. . . . Q. Well, who got into the intersection first? A. Mr. Newton was across the intersection when Cox struck him—just past. Q. You mean past the center of the street? A. The center of the street."

We learn this much concerning the facts from a perusal of appellant's brief, without reference to the record and without an examination of the brief filed by respondents. The showing of facts made by appellant plainly confutes the argument advanced by him. Why he himself does not perceive this result can be shown by a brief consideration of the argument he makes. Several times he refers to "disputed" testimony. He insists that the evidence "preponderated" in his favor. He asks us to consider the fact that at an earlier trial of the actions respondents gave testimony different from that given by them at the trial which resulted in the judgment from which the present appeal is taken. Under authorities really "too numerous to mention" these things are beyond our ken. [1] Upon the motion for nonsuit the only office of the trial court was to determine whether there was substantial evidence to support the material allegations of respondents' complaints, no matter how strenuously it was disputed. On the appeal our powers are the same. [2] Upon the question whether the evidence was sufficient to support the verdict, we must bow to the finding of the jury, if there was a conflict in the evidence—and there was a most substantial one—no matter how sharp the conflict was, no matter if we might conclude from the record that the testimony preponderated in favor of appellant. Appellant argues the case from an utterly false premise.

In order to "make assurance doubly sure" we now state a little of the testimony to which respondents call our atten-

tion. Respondent Noel Newton testified that the Cadillac "hit me with such force that he knocked me right through a guy wire as big as my little finger and turned my car over twice and into a walnut tree so hard they had to pry it loose"; that when "I saw the Cadillac I was just passing the center of the intersection, just past the center"; that "I was on the right-hand side of Grand Avenue—the east side"; that appellant "made a total wreck of the body of the machine—three new wheels and three new fenders and a new running-board, a new top and windshield and had to be lined up all over and practically a new body and new doors"; that "I couldn't get out of his way; I couldn't step on it and get up any speed and get out of the way, and I was clear on the right-hand side of the pavement and couldn't get over any further without getting in the mud"; and that, referring to a telephone pole at the northeast corner of the intersection, the Cadillac "splintered the post and broke the tire rack on the automobile and shoved up a big bunch of mud here, I should judge, anywhere from ten inches to a foot of mud and grass where he slid through the mud and grass there." This witness had a conversation with appellant immediately after the collision. He testified concerning it: "I spoke to him and asked him what in the world he was trying to do. He told me he was coming up the boulevard and the machine in front of him was slowing down and he thought he was going to stop and he looked around and saw the intersection was clear and pulled out to the side and stepped on it and went on around. I asked him, 'What are you going to do about it?' And he said, 'I am insured and the insurance company will take care of it.' I said, 'Who are you insured with?' And he said, 'The Orange County Automobile Club.'"

It is useless to quote further from the evidence. Considering the denial of the motion for nonsuit, it is evident that respondents had made a *prima facie* case when the motion was presented. Considering the contention that the evidence fails to support the verdict, it is plain that the members of the jury were amply justified in concluding that the following was the story of the accident: The view of each of the colliding cars by the occupants of the other was obscured by the Franklin car, which was directly between the other two as they approached the intersection of the highways.

Respondents entered the intersection, and continued through it until their car was struck, at a reasonable rate of speed, in a careful and prudent manner, having regard to the traffic and use of the highway, and not so as to endanger the life or limb of any person or the safety of any property, all as required by section 22 of the Motor Vehicle Act (Stats. 1919, p. 220), which is relied on by appellant, as it was in effect at the time the collision occurred. Appellant approached the intersection, and continued through it until the cars collided, at a reckless and excessive rate of speed, in a careless and imprudent manner, in such a way as to endanger the life and limb of persons on the highway and the safety of property thereon, and in direct violation of the provisions of the act. [3] The jury was therefore justified in concluding that appellant was guilty of negligence and that respondents were not guilty of contributory negligence.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.